### AUTHORITY TO FIX SALARIES IN COUNTY OFFICES.

Common Pleas Court of Henry County.

COUNTY COMMISSIONERS OF HENRY COUNTY V. G. E. RAFFERTY,
AS COUNTY AUDITOR, AND FRANK C. FISK,
AS COUNTY TREASURER.

Decided, 1916.

*County Salary Act—County Commissioners Fix the Aggregate Compensation to be Paid in the Several County Offices—But the Heads of Said Offices Fix Individual Salaries.*

County commissioners are without power to fix the compensation of deputies and assistant clerks of county auditor, treasurer, probate judge and recorder. The authority to fix such compensation is vested in these several officers, with the limitation that the aggregate compensation to be paid in each office shall not exceed the amount allowed by the county commissioners for such offices.

SMITH, J.

In the case of the Board of County Commissioners of Henry County, Ohio, against G. E. Rafferty as county auditor and Frank C. Fisk as county treasurer, the matter is before this court on a general demurrer to the petition, raising the question as to whether or not the petition states facts sufficient to entitle the plaintiff to the relief prayed for.

Omitting the formal parts, the petition states the following relevant facts:

On or prior to November 20th, 1915, the defendants, said county auditor and the county treasurer, and the probate judge and the recorder of said county, each filed with the county commissioners a detailed statement of the probable amount necessary to be expended for deputies, assistants, bookkeepers, clerks and other employees of their respective offices for the year beginning January next after the filing of such statement, together

with a sworn statement of the amount expended by them for such assistants for the preceding year, such statements having been filed as required by Section 2980 of the General Code of Ohio.

Said auditor set forth in his statement filed as aforesaid, that the sum of $960 would be necessary to pay his first deputy, the sum of $720 would be necessary to pay his second deputy, and the sum of $600 as the probable amount necessary to pay his clerk and other deputies, all of which amounts aggregated $2,280. Thereafter the plaintiff made an aggregate allowance of $900 to be expended for the compensation of said auditor's first deputy, to be paid in monthly installments of $75 each.

Said treasurer set forth in his statement filed as aforesaid, that the sum of $900 would be necessary to pay his deputy, and the sum of $360 would be necessary to pay his assistant, which amounts aggregate $1,260. Thereafter the plaintiff made an aggregate allowance of $840 to be expended for the compensation of said treasurer's deputy, to be paid in monthly installments of $70 each.

Said probate judge set forth in his statement, filed as aforesaid, that the sum of $720 would be necessary to pay his deputy. Thereafter the plaintiff made an aggregate allowance of $600 to be expended for the compensation of said probate judge's deputy to be paid in monthly installments of $50 each.

Said recorder set forth in his statement, filed as aforesaid, that the sum of $480 would be necessary to pay his deputy and that the sum of $50 would be necessary to pay his clerk hire. Thereafter the plaintiff made an aggregate allowance of $420 to be expended for the compensation of said recorder's deputy to be paid in monthly installments of $35 each.

The plaintiff further states in the petition that each of said officers has disregarded the orders of the plaintiff as heretofore stated, and is paying monthly salaries in excess of those fixed by the plaintiff; that said auditor issues his warrants to such deputies for such monthly salaries in excess of those fixed by the plaintiff and said treasurer pays such warrants.

The plaintiff prays that the defendants may be enjoined from issuing and paying warrants in excess of the various salaries as fixed by the plaintiff as aforesaid.

The demurrer to the petition raises the question as to the authority of the county commissioners to fix the compensation of the deputies and assistants of the county auditor, treasurer, probate judge and recorder.

The case of *State of Ohio, ex rel Onie B. Mason, v. Rafferty, Auditor of Henry County, Ohio,* No. 9030, in this court, presents the identical question as that raised in this case. In that case, on a state of facts the same as those heretofore mentioned, the plaintiff, who was the recorder's deputy, brought suit to compel the auditor to issue a warrant to her for a compensation of $50 per month, which was the compensation fixed by the county recorder. The defendant auditor set up that the compensation for such deputy fixed by the recorder was in excess of the monthly salary fixed by the commissioners when they fixed the aggregate sum to be expended for the compensation of such recorder's deputies. That case was decided by Judge Scott, now of the Williams county court of common pleas, and the plaintiff was granted a writ of mandamus, the defendant auditor thus being ordered to issue a warrant for the salary fixed by the county recorder which was greater than that fixed by the county commissioners. No written opinion was filed in that case, but the decision was necessarily rendered on the principle that the county officers have authority to fix the compensation of their deputies, and that the county commissioners have no jurisdiction to fix such compensation.

The solution of the question presented in this case depends upon the proper construction of Sections 2980, 2980-1 and 2981 of the General Code of Ohio. The issue being one as to the powers of the county commissioners, it becomes necessary to inquire whether or not such power has been vested in them by statute, for the commissioners have only such powers as are given them by statutory law.

"The board of county commissioners can exercise only such powers as are conferred upon them by law." *State, ex rel,* v. *Yeatman,* 22 O. S., 546, at page 551; *Comrs. of Medina County* v. *Leighty,* 1 C.C.(N.S.), 431; *Comrs. of Mahoning County* v. *Railway Co.,* 45 O. S., 401, at page 403.

Said Section 2980 provides for the report of various county officers as to the probable amounts necessary to be expended for deputies, assistants, etc., and the amount expended for that purpose for the preceding year. Said section also provides that the county commissioners shall fix an aggregate sum to be expended by such county officers for that purpose during the succeeding year.

Section 2980-1, as amended in 106 Ohio Laws, page 14, provides maximums which may be allowed by the commissioners for said purpose, and for the application to the court of common pleas in case any officer requires an additional allowance for the compensation of his deputies. Said section also provides that in case the term of any officer expires within the year for which such aggregate sum is fixed, the county commissioners shall designate what parts of this aggregate sum shall be expended by the out-going and in-coming officials.

Section 2981 is as follows:

"Such officers may appoint and employ necessary deputies, assistants, clerks, bookkeepers or other employees for their respective offices, fix their compensation, and discharge them, and shall file with the county auditor certificates of such action. Such compensation shall not exceed in the aggregate for each office the amount fixed by the commissioners for such office. When so fixed, the compensation of each duly appointed or employed deputy, assistant, bookkeeper, clerk and other employee shall be paid monthly from the county treasury upon the warrant of the county auditor."

As has heretofore been stated the only question presented for the consideration of the court in this case is as to the authority of the various county officers to fix the compensation of their deputies. If such officers have authority to fix such compensa-

tion, then the decision should be in favor of the defendants and their demurrer should be sustained. If, on the other hand, the county commissioners have authority to fix the compensation of the deputies of these officers, then these officers have been exceeding their authority, and the injunction prayed for in the case should be granted.

The part of said Section 2981 which relates to the controversy here is as follows:

"Such officers may appoint and employ necessary deputies * * * for their respective offices, fix their compensation and discharge them."

It is a fundamental rule of construction of statutes that where the words of a statute are plain, explicit and unequivocal, a court is not warranted in departing from their obvious meaning. Courts should interpret the laws as they exist and not read into them something not intended by the Legislature to suit the fancy or whim of the court or any other parties.

"Where a statute is plain and unambiguous it construes itself, and whether its provisions are wise or equitable, courts have no authority, by judicial construction, to read anything into or out of it. *Fronce* v. *Nichols,* 22 O. C. C., 539."

"When the language of a statute is not only plain but admits of but one meaning the task of interpretation can not be said to arise. *Columbus* v. *Board of Elections,* 13 O. D. (N. P.), 452."

"If a statute is specific in its provisions and is constitutional, the question of its wisdom is for the Legislature and not for the courts. *State, ex rel,* v. *Kohler,* 11 O. N. P. (N. S.), 497."

"Plain and explicit language can not be construed contrary to the express words on conjecture. *Hathaway's Will,* 4 O. S., 383."

It is the opinion of this court that the plain and explicit words of this statute give authority to the various county officers to fix the compensation of their deputies.

This Section 2981 took effect in substantially its present form on January 1st, 1907. The case of *Theobald* v. *State of Ohio, ex rel,* reported in 10 O.C.C.(N.S.), at page 175, was decided by the Circuit Court of Montgomery County in July, 1907, this decision being rendered after said Section 2981 went into effect. At page 181 the following language is used by Judge Wilson, concurring in the opinion of Judge Smith:

"It must not be overlooked that the officer fixes the compensation of each particular employee, as well as the number of employees. With that the board has nothing to do, save that it may limit the aggregate that may be thus expended."

It is also a fundamental rule relating to the construction of statutes, that if possible such construction should be placed upon the statute that full force and effect may be given to all parts thereof.

A further provision of the section is that such compensation shall not exceed in the aggregate for such office the amount fixed by the commissioners for such office. That is the provision to which reference was made in this case of *Theobald* v. *State of Ohio, ex rel.* Then the statute further provides that when so fixed, the compensation of each duly appointed or employed deputy, assistant, bookkeeper, clerk and other employee shall be paid monthly from the county treasury upon the warrant of the county auditor.

The contention is made by the plaintiff that the use of the word "monthly" in the latter part of this section, gives the plaintiff authority to fix the compensation of the deputies of the officers mentioned in the petition in this case.

Webster's International Dictionary defines the word monthly as being "Once a month; within each month." It is evident that by substituting the definition of the term monthly in place of the word monthly, there is no inconsistency with the opinion already indicated by this court. Making that substitution, the last sentence of this section would read as follows, "When so fixed, the compensation of each duly appointed or employed

deputy, assistant, bookkeeper, clerk and other employee shall be paid once a month," or "within each month upon the warrant of the county auditor." It appears to the court that the plaintiff is trying to read into this statute such interpretation as would make it read: "That such compensation shall be paid in equal monthly installments." But in view of all of the rules of construction of statutes heretofore cited, the court is of the opinion that such a construction should not be read into this statute by the courts.

The Legislature has plainly said, in so many words, that such officers may appoint and employ deputies and assistants, fix their compensation and discharge them; and if this court were to read into the latter part of this section that this aggregate sum should be paid in equal monthly installments, such a construction would abrogate and nullify the plain provision of the statute reading that such officers may fix the compensation of their deputies.

So the decision of this court is that this demurrer is well taken and will be sustained, and the plaintiff not desiring to plead further, the plaintiff's petition is dismissed at its costs, to all of which the plaintiff excepts generally.